DECISION AND JOURNAL ENTRY
Appellants, Melvin Gerspacher and Gerspacher Company (hereinafter jointly referred to as "Gerspacher"), appeal from the decision of the Medina County Court of Common Pleas, awarding appellee, Technical Construction Specialties, Inc. ("Nufloor"), damages together with interest on their breach of contract claim. We reverse.
 I.
The underlying facts of this case were set forth in our previous decision in Technical Constr. Specialties v. Gerspacher (Apr. 28, 1999), Medina App. No. 2785-M, unreported, at 1-2:
 On September 16, 1993, Nufloor submitted a written bid to [Gerspacher] for installation of floor underlayment in a retirement community. The bid included a signature line marked "acceptance." Mr. Gerspacher signed and dated the bid and returned the form to Nufloor. During the construction process, but before Nufloor began its work, the architect recommended changes to the structure of the retirement home. Mr. Gerspacher requested a quotation from Nufloor incorporating the prospective changes. On January 24, 1995, Nufloor submitted a revised quotation. Mr. Gerspacher did not reply. In March, Nufloor learned that [Gerspacher] had entered into a contract with Accurate "K" Floor Systems, Inc., to complete the underlayment work.
 On August 23, 1995, Nufloor filed suit against [Gerspacher] for breach of contract. Following a trial to the bench, the trial court ordered judgment in favor of [Gerspacher].
 In finding in favor of Gerspacher, the trial court found that no contract existed between the parties. Subsequently, Nufloor filed an appeal to this court arguing that the trial court's determination that no contract existed between the parties was incorrect because the trial court incorrectly applied the doctrine of mutual mistake. On April 28, 1999, this court reversed and remanded, holding that when Gerspacher accepted Nufloor's bid, a valid contract between the parties was formed and that the contract "expressed the parties' common intention that Nufloor would install underlayment for the specified area of the retirement center in return for payment." Id. at 3. We further held that "it was improper for the court to use the doctrine of mutual mistake as a vehicle for determining that no contract existed." Id. at 4.
On remand, the trial court[1] determined that the only issue remaining to be litigated was the nature and measure of damages. On November 30, 1999, a hearing was held solely on the issue of damages. In a judgment entry journalized on December 14, 1999, the trial court awarded $22,266.70 together with interest at the legal rate from May 1, 1995. This appeal followed.
 II.
Gerspacher asserts two assignments of error. We will address Gerspacher's first assignment of error first, as we find it dispositive.
 A. First Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN THE SUCCESSOR JUDGE DECIDED THAT THE ONLY ISSUE TO BE TRIED ON REMAND WAS THE ISSUE OF DAMAGE [sic].
In the first assignment of error, Gerspacher avers that the trial court erred when it determined that the only issue to be tried on remand was the issue of damages. We agree. First, we note that contrary to Gerspacher's assertion, this court concluded that a valid contract existed between the parties in our April 28, 1999 ruling. SeeGerspacher, supra, at 3. This court also determined that the contract was not terminated by mutual consent and that it would be inappropriate for the trial court to consider rescission through mutual mistake, given the posture of this case. Id. at 4-5. However, we did not determine whether Gerspacher had breached the contract or whether the other affirmative defenses raised by Gerspacher were valid. Hence, we find that this case must be reversed and remanded for a determination of these and any other unresolved issues. Gerspacher's first assignment of error is sustained.
 B. Second Assignment of Error THE TRIAL COURT'S AWARD OF DAMAGES WAS NOT SUPPORTED BY THE EVIDENCE.
 In his second assignment of error, Gerspacher avers that the trial court's award of damages was not supported by the evidence. We need not determine the merits of this assignment of error, as it has been rendered moot by our disposition of the above assignment of error. See App.R. 12(A)(1)(c).
 III.
Appellants' first assignment of error is sustained and their second assignment of error is thereby rendered moot. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for other proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J. SLABY, J. CONCUR
[1] The trial court judge that conducted the bench trial retired during the pendency of the appeal, and therefore, a different judge held the hearing regarding damages on remand.